IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        **Plaintiff,**<br><br>v.<br><br>LEE HOLT,<br><br>        **Defendant.** | Case No. 24-CR-0050-JFH |

### OPINION AND ORDER

Before the Court is a motion to strike surplusage from indictment (Motion) filed by Defendant Lee Holt. Dkt. No. 29. In particular, Defendant moves the Court strike from the indictment a section entitled "Allegation of Prior Conviction for a Serious Drug Felony [21 U.S.C. § 851]." *Id.*; Dkt. No. 3 at 7. This Court has reviewed Defendant's Motion [Dkt. No. 29] and the Government's Response to Defendant's Motion [Dkt. No. 35]. For the reasons stated herein, Defendant's Motion is denied.

### BACKGROUND

The Government filed an Indictment against Defendant Holt and a codefendant on February 20, 2024; the Government alleges that Mr. Holt possessed a firearm after conviction of a felony, that he possessed with intent to distribute 50 grams or more of methamphetamine, that he maintained a drug-involved premises, and that he possessed a firearm in furtherance of his drug distribution activities. Dkt. No. 3. The Indictment includes the following allegations, under the section heading "Allegation of Prior Conviction for a Serious Drug Felony [21 U.S.C. §851]":

> Before the defendant, Lee Scott Holt, a/k/a "Timothy Scott Holt," committed the offense charged in Count Three of this Indictment, the defendant had a final conviction for a serious drug felony, that is, a violation of Title 21, United States Code, Section 841(a)(1), for which the defendant served more than 12 months of imprisonment and for which the defendant was released from serving any term of

imprisonment related to the offense within 15 years of the commencement of the instant offense.
All pursuant to Title 21, United States Code, Section 851.

The Court refers to this allegation hereinafter as the "Section 851 Allegation." Mr. Holt has moved to strike the Section 851 Allegation from the Indictment pursuant to Fed. R. Crim. P. 7(d), arguing that the allegation cannot serve as an enhancement "information" under 21 U.S.C. §851 because it does not state the specific previous convictions upon which the Government intends to rely for sentencing enhancement purposes. Dkt. No. 29. The Government has responded, arguing that the allegation is relevant and material because it serves as notice to Mr. Holt of the Government's intent to seek a sentencing enhancement under 21 U.S.C. §851 through a separately filed information prior to any trial in this case. Dkt. No. 35.

## AUTHORITY AND ANALYSIS

Fed. R. Crim. P. 7(d) provides: "Upon the defendant's motion, the court may strike surplusage from the indictment or information." The Court, in its discretion, "may strike as surplusage allegations not relevant to the charge at issue and inflammatory and prejudicial to the defendant." *United States v. Collins*, 920 F.2d 619, 631 (10th Cir. 1990); see also, *United States v. Sather*, 3 F. App'x 725, 728 (10th Cir. 2001)[1] ("On motion of the defendant, a court may strike immaterial or irrelevant allegations that may be prejudicial to the defendant."). From these principles, it follows that an allegation may only be stricken pursuant to Fed. R. Crim. P. 7(d) if it is not relevant to the alleged charge and is prejudicial to defendant. Even then, however, the Court retains discretion to not strike the disputed language.

Regarding the Section 851 Allegation at issue, the Court understands Defendant's concern.

---

[1] Unpublished opinions are not binding precedent but may be cited for their persuasive value. *See* 10th Cir. R. 32.1; Fed. R. App. P. 32.1.

Mr. Holt would be prejudiced should the Government be permitted to reference Defendant's criminal history at trial. Moreover, the relevance of the Section 851 allegation is debatable. The prior drug conviction is not an element of the charge against Mr. Holt but merely a factor "that authorizes an enhanced sentence." *Almendarez-Torres v. U.S.*, 523 U.S. 224, 226 (1998). Nor would the fact of Mr. Holt's prior criminal conviction be determined by a jury; 21 U.S.C. § 851 sets forth a procedure for the *judicial* determination of the applicability of the sentencing enhancement.

On the other hand, there may be certain facts—that is, facts beyond the bare existence of Defendant's prior conviction—regarding the applicability of the enhancement that must be determined by a jury rather than by the Court. See *United States v. Booker*, 543 U.S. 220, 244 (2005) (Holding that any fact "other than a prior conviction" relied upon for sentencing enhancement must be admitted by the defendant or proven to a jury beyond a reasonable doubt.) Given that the Government may have to prove certain facts regarding the Section 851 enhancement, those allegations may be relevant and properly included within the Indictment.

There is District Court authority supporting each party's position on this issue. *United States v. Swinton*, No. 3:19-CV-65-1 (VLB), 2020 WL 1940744, at *2 (D. Conn. Apr. 22, 2020) (Finding that inclusion of prior convictions for purposes of Section 851 was irrelevant and should be stricken); but see *United States v. Ruiz*, No. 1:21-CR-426-MLB, 2023 WL 3562970, at *5 (N.D. Ga. May 19, 2023) (Section 851 allegation was relevant and would not be stricken).

Ultimately, the Court is not persuaded that striking the Section 851 Allegation from the Indictment is necessary. There are other ways to protect Defendant from any prejudice that may result from the language at issue in the Indictment; for instance, portions of the Indictment could be redacted at trial, and the trial bifurcated so that the jury does not learn of the Section 851

enhancement unless and until it convicts Mr. Holt. See *Ruiz*, 2023 WL 3562970 at *5. Moreover, the necessity for the jury to decide any facts relating to the sentencing enhancement may be obviated by stipulations between the parties, in which case the entire Section 851 Allegation could be redacted.

## CONCLUSION

IT IS THEREFORE ORDERED that the motion to strike surplusage from indictment filed by Defendant Lee Holt [Dkt. No. 29] is DENIED.

DATED this 19 of March 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE