IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                    Case No. 24-CR-0050-JFH

LEE HOLT,

        Defendant.

## OPINION AND ORDER

Before the Court is the Appeal of Bail Determination and Motion to Detain ("Motion") filed by the United States of America (the "Government"). Dkt. No. 38. Magistrate Judge Christine D. Little ordered that Mr. Holt be released on conditions on March 8, 2024 [Dkt. No. 33]; under Magistrate Little's Order, Mr. Holt was to be released to inpatient drug rehabilitation treatment on March 25, 2024. Dkt. No. 31. Following the Government's Motion, the Court stayed the Order releasing Mr. Holt, pending final decision on the Motion. Dkt. No. 44.

## BACKGROUND

The Government filed an Indictment against Defendant Holt and a codefendant on February 20, 2024; the Government alleges that Mr. Holt possessed a firearm after conviction of a felony, that he possessed with intent to distribute 50 grams or more of methamphetamine, that he maintained a drug-involved premises, and that he possessed a firearm in furtherance of his drug distribution activities. Dkt. No. 3.

A detention hearing was held on February 29, 2024 and on March 8, 2024. Dkt. No. 22; Dkt. No. 31. At the hearing, the Government proffered facts concerning Mr. Holt's history, background, and the details of the present offense. On August 29, 2023, a search warrant was conducted at Mr. Holt's residence. Dkt. No. 40, p. 5. Search of the premises revealed

approximately 110 grams of methamphetamine; quantities of methamphetamine were found in a mason jar and in nine distinct baggies. *Id.* at p. 5-6. Mail addressed to Mr. Holt was found at the home. *Id*. Close in proximity to eight baggies of methamphetamine, officers discovered two sets of digital scales and cash totaling $4,380. *Id.* at p. 6. There was also a firearm nearby with a quantity of ammunition for the firearm. *Id*. Pieces of another firearm were discovered. *Id*. Mr. Holt made incriminating statements to officers at the scene of the search. *Id*. Subsequent search of Mr. Holt's cellphone revealed conversations with multiple people that, the Government contends, are coded exchanges regarding drug distribution. Dkt. No. 40, p. 7-8. There was also a photo of a firearm on the cellphone. *Id. at* p. 8.

      The Government further noted that Mr. Holt's criminal history, as set forth in the Pretrial Services Report prepared by Probation, is extensive.[1] Mr. Holt has been convicted of felony offenses on no fewer than seven prior occasions; two of his felony offenses have been federal felony offenses. Three of Mr. Holt's prior felony offenses have involved drug distribution or manufacture and two prior felony offenses have involved firearms. The Pretrial Services Report also demonstrates that Mr. Holt has committed new law violations while on probation and while on federal supervised release. The Pretrial Services report also shows that Mr. Holt has failed to appear for scheduled court dates several times.

      Counsel for Mr. Holt noted that Mr. Holt suffers from methamphetamine addiction and that Mr. Holt wishes to undergo inpatient drug rehabilitation treatment. *Id.* at p. 9-10. Mr. Holt's employer spoke highly of Mr. Holt's reliability and honesty to Mr. Holt's counsel and stated that Mr. Holt would be welcome to continue his employment should he be released. *Id.* at p. 10-11. It was proffered that Mr. Holt attends a weekly bible study group. *Id.* at p. 11. Defense counsel

---

[1] During the hearing, Mr. Holt did not contest the accuracy of the Pretrial Services Report.

noted that Mr. Holt was respectful and cooperative with law enforcement officers during his arrest. *Id*. at p. 11.

The Government argued that Mr. Holt had not rebutted the presumption of detention, and that Mr. Holt's criminal history, history of probation violations, history of failing to appear for court, his sentencing exposure on the current charges, and the strength of the Government's evidence all militated against releasing Mr. Holt. Dkt. No. 40, p. 12-15. Defendant argued that Mr. Holt's employment and strong ties to the community demonstrated that he was not a flight risk. *Id*. at p. 15-16. Defendant further argued that several of the instances in which Mr. Holt failed to appear for court appeared to arise from court cost violations, rather than from Mr. Holt missing substantive court dates. *Id*. at 16-18. Defendant further argued that the evidence against Mr. Holt was not strong, and, in fact, the evidence was consistent with Mr. Holt's personal use of the seized methamphetamine, rather than with drug distribution. *Id*. at 18-20.

Magistrate Judge Little indicated that she viewed the issue of Mr. Holt's detention as a close issue and that she required more time for consideration. *Id*. at p. 21. The detention hearing was continued to March 8, 2024 so that Magistrate Judge Little could further consider the issues at hand and potential arrangements for inpatient drug treatment could be made. *Id.* Magistrate Judge Little reconvened Mr. Holt's detention hearing on March 8, 2024, and ordered that Mr. Holt be released from detention on conditions, one of which was that Mr. Holt would be released on March 25, 2024 to participate in an inpatient drug rehabilitation program. Dkt. No. 31; Dkt. No. 33.

The Government filed the instant Motion on March 13, 2024, asking the Court to revoke the Order releasing Mr. Holt on conditions and to detain Mr. Holt pending trial. Dkt. No. 38. The Court, lest Mr. Holt be released before the Government's Motion could be decided, stayed the

release Order on March 15, 2024. Dkt. No. 44. Mr. Holt responded to the Government's Motion on March 20, 2024. Dkt. No. 51.

## AUTHORITY AND ANALYSIS

I. **STANDARDS GOVERNING THE COURT'S REVIEW.**

Under the Bail Reform Act of 1984, a court must order a criminal defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1).

In determining whether there are conditions that would "reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community", the Court must consider:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the [defendant];
>
> (3) the history and characteristics of the [defendant], including—
>
> (A) the [defendant's] character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the [defendant] was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the [defendant's] release.

18 U.S.C. § 3142(g). The law further provides:

> Subject to rebuttal by the [defendant], it shall be presumed that no condition or

> combination of conditions will reasonably assure the appearance of the person as required and the safety of the community if the judicial officer finds that there is probable cause to believe that the person committed--
>
> (A) an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 et seq.) … [or]
>
> (B) an offense under section 924(c), 956(a), or 2332b of this title…

18 U.S.C. § 3142(e)(3).  Regarding the detention presumption, the Tenth Circuit has written:

> Once the presumption is invoked, the burden of production shifts to the defendant. However, the burden of persuasion regarding risk-of-flight and danger to the community always remains with the government. The defendant's burden of production is not heavy, but some evidence must be produced. Even if a defendant's burden of production is met, the presumption remains a factor for consideration by the district court in determining whether to release or detain.

*United States v. Stricklin*, 932 F.2d 1353, 1354-55 (10th Cir. 1991).  Therefore, while Defendant must produce some evidence as to flight risk and danger to the community, the Government always bears the ultimate burden of persuasion.  *Id.*  The Government must demonstrate that a defendant is flight risk by a preponderance of the evidence, or it must demonstrate dangerousness by clear and convincing evidence.  *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).

When a magistrate judge orders a defendant released, the Government may file a motion to revoke the release order.  18 U.S.C. § 3145(a).  The district court reviews such a motion de novo.  *Cisneros*, 328 F.3d 616 n.1.

II.     **UPON DE NOVO REVIEW, THE COURT FINDS THAT MR. HOLT SHOULD BE DETAINED PENDING TRIAL.**

Considering all necessary factors as set forth in 18 U.S.C. § 3142(g), the Court finds that the release order should be overturned, and that Mr. Holt should be detained pending trial of this matter.  The Court is persuaded that the gravity of the charges against Mr. Holt, the weight of the evidence against Mr. Holt, Mr. Holt's extensive criminal history, and his poor record on supervised release render Mr. Holt both a flight risk and a potential danger to the community.

**A. There is a Presumption of Detention in this Case.**

An indictment was returned on February 20, 2024, charging Lee Holt with: Count One – being a felon in possession of a firearm; Count Three – possession with intent to distribute 50 grams or more of methamphetamine; Count Four – maintaining a drug-involved premises; and Count Five – possessing a firearm in furtherance of his drug distribution activities. See Dkt. No. 2. Count Three is a controlled substance offense with a maximum penalty greater than 10 years. See § II.B, infra. Count Five is a charged violation of 18 U.S.C. § 924(c). There is a presumption of detention under 18 U.S.C. §3142(e)(3), so long as the Court finds that there is probable cause to believe Mr. Holt committed the offenses charged in Counts Three and Five. The fact that Mr. Holt was indicted by a grand jury on these charges is sufficient to find that there is probable cause and, accordingly, a presumption of detention. See *United States v. Silva*, 7 F.3d 1046 (10th Cir. 1993) ("The grand jury indictment is sufficient to establish the finding of probable cause that defendant committed a federal drug offense with a maximum prison term of ten years or more.").

The Court finds that Mr. Holt did meet his burden of producing "some evidence" rebutting the presumption of detention in this case. *Stricklin*, 932 F.2d at 1355. The Pretrial Services Report indicates Mr. Holt is a lifelong Oklahoma resident with no known ties elsewhere. Defendant's counsel proffered that Mr. Holt had other ties to the Tulsa community including steady employment (and an offer of employment, should he be released) and regular attendance with a bible study group. (Dkt. No. 40, p. 10-11). Though Mr. Holt has rebutted the presumption of detention, the presumption "remains a factor for consideration." *Stricklin*, 932 F.2d at 1355 (citing *United States v. Cook*, 880 F.2d 1158, 1162 (10th Cir. 1989)).

**B. The nature and circumstances of the offense charged weigh in favor of detaining Mr. Holt.**

As noted above, the Indictment charges Mr. Holt with four distinct felony offenses. Count

6

Three, the methamphetamine distribution charge, would subject Mr. Holt to a mandatory sentence of at least 5 years' imprisonment, and potentially carries a sentence of up to 40 years' imprisonment. See 21 U.S.C. § 841(b)(1)(B)(viii).[2] Additionally, the Government has alleged that, due to Mr. Holt's criminal history, he is subject to a sentencing enhancement that would increase his punishment range to 10 years' imprisonment to life imprisonment. Dkt. No. 2, p. 7; 21 U.S.C. §841(b)(1)(B)(viii).[3] Mr. Holt's other charges, including two firearms offenses, also carry serious penalties.

Mr. Holt does not dispute that the seriousness of the charged offenses weighs in favor of detention. Dkt. No. 51, p. 5.

C. **The weight of the evidence favors detention.**

The Government adduced exhibits that, in the Court's view, demonstrate that the Government's case against Mr. Holt is formidable. The Government's exhibit number 7 shows nine different baggies containing methamphetamine as well as a mason jar containing methamphetamine; six of these baggies appear identical to one another which could indicate that Defendant had been repackaging the methamphetamine for resale. In total, officers located approximately 110 grams of methamphetamine within the home. Eight baggies of methamphetamine were found in a bedroom dresser; in or around the same dresser, officers also located two digital scales (a possible tool of the drug distribution trade), and $4,380 in cash

---

[2] The Indictment alleges violation of 21 U.S.C. § 841(b)(1)(B)(viii), however, the evidence adduced indicates that Mr. Holt is alleged to have possessed upwards of 100 grams of pure methamphetamine. As such, 21 U.S.C. § 841(b)(1)(A)(viii) would seem to be the applicable penalty provision. Mr. Holt would be subject to a sentence of between 10 years and life imprisonment under § 841(b)(1)(A)(viii).

[3] If Mr. Holt is subject to penalties as set forth in 21 U.S.C. § 841(b)(1)(A)(viii), the applicable enhanced punishment range would be 15 years to life imprisonment. See Footnote 2, supra.

(possible drug proceeds). Dkt. No. 40, p. 6; see *United States v. Martinez*, 938 F.2d 1078, 1083 (10th Cir. 1991) (Scales, large quantities of cash, firearms, and illegal drugs are all "tools of the trade" of drug distribution). In the same room, officers located a firearm and 53 rounds of ammunition for said firearm. *Id*. at p. 6. Those involved in drug distribution often keep firearms for protection and intimidation purposes. See *United States v. King*, 632 F.3d 646, 656 (10th Cir. 2011) (citing *United States v. Lott*, 310 F.3d 1231, 1248 (10th Cir. 2002); *United States v. Trotter*, 483 F.3d 694, 702 (10th Cir. 2007)).

Further evidence was obtained after searching Mr. Holt's phone. The Government introduced exhibit 8 at the detention hearing, which appears to show coded messages between Mr. Holt and others regarding drug transactions. Some of the messages seem to show Mr. Holt attempting to purchase drugs, but other messages seem to seek drugs from Holt—for instance, there is a series of messages in which Mr. Holt's correspondent asks him to bring her "chili." Dkt. No. 40, p. 9.

Lastly, the Court notes that Mr. Holt was noted to have told officers upon his arrest that "his life is ruined." Dkt. No. 40, p. 6. This statement, should it be admitted, is inculpatory and only strengthens the Government's case.

In the Courts' view, the Government's case against Mr. Holt is strong. A large quantity of methamphetamine in close proximity to digital scales, a relatively large sum of cash, and a firearm strongly indicates drug distribution activity. This case is only strengthened by the evidence discovered on Mr. Holt's cellphone and by Mr. Holt's own subsequent statements.

### D. Mr. Holt's history and characteristics favor detention.

In considering Mr. Holt's history and characteristics, the Court is persuaded that Mr. Holt's extensive criminal history, his repeated failure to live up to his probation obligations, and his

8

statements made to police in this case all indicate that Mr. Holt is a flight risk and a potential danger to the community. Thus, this factor favors detention.

As set forth in the Pretrial Services Report, Mr. Holt has been convicted of felony offenses on no fewer than seven prior occasions, including two prior federal felony offenses. Three of Mr. Holt's prior felony offenses have involved drug distribution or manufacture and two prior felony offenses have involved firearms. The Court also notes that as recently as 2019 Mr. Holt was convicted of Running a Roadblock and Attempting to Elude a Police Officer. These convictions give the Court particular pause, as they are indicative of a disregard for authority and of a tendency toward rash, and dangerous, actions.

Perhaps most critical to the Court's decision is Mr. Holt's abysmal record on probation and supervised release throughout his life: Mr. Holt has been placed on probation or federal supervised release on five occasions, and he has violated conditions every time, usually by committing new law violations. Indeed, it would appear that Mr. Holt was on probation when the current alleged offenses occurred.

The Pretrial Services report also reveals that Mr. Holt has failed to appear for scheduled court dates several times. As defense counsel notes, most of these missed court dates pertained to traffic matters or Mr. Holt's failure to pay criminal fines. Dkt. No. 51, pp. 7-8. While this is a useful distinction, these failures to appear are still consistent with Mr. Holt's seemingly lifelong refusal to abide by conditions placed upon him by authority. Taken together, Mr. Holt's extensive criminal history and poor record on probation and supervised release lead this Court to believe that Mr. Holt would be a serious flight risk, should he be released on conditions.

Lastly, Mr. Holt was noted to have told officers upon his arrest that "his life is ruined." Dkt. No. 40, p. 6. This statement indicates Mr. Holt is cognizant both of the seriousness of the

charges against him and of the strength of the Government's case; this statement, accordingly, further leads the Court to believe that Mr. Holt would be a flight risk.

The Court acknowledges the proffer and argument made by Mr. Holt's counsel, but the Court finds that the circumstances favoring detention outweigh those put forth by Defendant. The Court understands Mr. Holt's drug addiction issues and sincerely hopes that Mr. Holt can overcome these issues, but Mr. Holt's evident need for drug addiction treatment does not alleviate the Court's concerns that Mr. Holt could prove to be a flight risk or a danger to the community. Accordingly, Mr. Holt's history and characteristics favor detention.

**E. Mr. Holt would pose a danger to the community should he be released.**

In considering whether Mr. Holt would pose a danger to the community, the "[t]he concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *Cook*, 880 F.2d at 1161. This undoubtedly includes the danger that Mr. Holt may continue trafficking illegal drugs upon release. *Id*.

Given the above explication of Mr. Holt's repeated past drug distribution offenses (including offenses involving firearms) and his lifelong failure to abide by conditions of probation and supervised release, the Court is satisfied that there is clear and convincing evidence that Mr. Holt would represent an "identified and articulable threat" to the community should be released on conditions. *Cisneros*, 328 F.3d at 619. This factor again weighs in favor of detention.

## CONCLUSION

Having conducted a de novo review, the Court finds that the Government has shown by a preponderance of the evidence that Mr. Holt represents a flight risk, and the Government has shown by clear and convincing evidence that Mr. Holt presents a danger to the community, and no

10

condition or combination of conditions will alleviate these risks. Therefore, Defendant will be detained pending trial.

IT IS THEREFORE ORDERED that the Government's Motion [Dkt. No. 38] is GRANTED.

IT IS FURTHER ORDERED that Defendant Lee Holt shall be detained pending trial. Defendant is committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of the United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

Dated this 25th day of March 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE