IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>LEE HOLT,<br>a/k/a "Lee Scott Holt,"<br>a/k/a "Timothy Scott Holt,"<br>JENNIFER CHARISA HARRINGTON,<br><br>　　　　　Defendants. | Case No. 24-CR-50-JFH |

### Government's Response to Defendant's Opposed Motion to Compel Disclosure of Confidential Informant

The Court should deny Defendant's Motion to Compel Disclosure of Confidential Informant (Dkt. No. 66) because the informant never participated in, or witnessed, Defendants' crimes and the Defendants offer only speculation regarding the usefulness of the informant's testimony.

### Relevant Facts

On June 22, 2023, Agents with the Oklahoma Bureau of Narcotics used a confidential informant to buy methamphetamine from Michael Leach. Agents followed the informant to the Motel 6 in Claremore, Oklahoma. At the motel, the informant went into a motel room with Leach and bought 2 bags of meth for $100. During the controlled buy, Leach told the informant that his supplier is

"up the hill."[1] Shortly after the buy, the informant told agents that, while at the Motel 6, agents parked next to Leach's car, a blue Nissan Murano. Agents returned to the Motel 6 and noted the Nissan's information. Agents field tested the drugs, which tested positive for meth.

A week later, OBN Agent McClaren obtained a GPS tracker warrant for Leach's Nissan based on the controlled buy. Over the next month, tracker data from Leach's Nissan shows he drove west on Highway 20, up Keetonville Hill, to Collinsville, Oklahoma. Leach only stopped at one place each time he was in Collinsville - 117 N 21st Street, the Defendants' house. He made brief stops at their home nine times over the following month.

On July 17, 2023, the informant told agents that Leach planned on meeting his supplier. Agents tracked Leach using the GPS data. The data showed Leach drive to Collinsville and stop at Defendants' home. Agents found Leach stopped at a QuikTrip on his drive back to Claremore. They confirmed he was driving his Nissan.

Later that evening, agents used the same informant to do a second buy from Leach. Like the first buy, the informant met Leach at the Motel 6 in Claremore. Leach and the informant sat in Leach's Nissan and the informant bought 2 bags of meth for $100. Agents took the drugs and field tested them, which field tested

---

[1] In her state search warrant affidavit Agent Winter explains "up the hill" references Keetonville Hill, a known landmark between Collinsville and Claremore. (Dkt. No. 67-2).

2

positive for meth.

Agents later used the GPS data from Leach's tracker, along with evidence of drug use from a trash pull at Defendants' address, and Holt's criminal history, to get two search warrants for Defendants' home.

Agents searched Defendants' home on August 29, 2023. On March 19, 2024, a federal grand jury indicted Defendants based on what agents found in that search. Defendants are charged with Felon in Possession of a Firearm, Possession of over 50 grams of Methamphetamine with the Intent to Distribute, Maintaining a Drug Involved Premises, and Possessing a Firearm in Furtherance of Drug Trafficking Crimes. (Dkt. No. 47).

## Argument

### I. The Court should deny Defendants' motion because the confidential informant did not participate in or witness Defendants' crimes.

The government has a privilege, known as the "informant privilege," "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). This privilege allows the government to withhold disclosure of a confidential source's identity due to a strong public interest in furthering effective law enforcement. *United States v. Mendoza-Salgado*, 964 F.2d 993, 1000 (10th Cir. 1992). The informant privilege only applies to informants the government does not intend to call at trial. *United States v. Pennick*, 500 F.2d 184, 186-87 (10th Cir. 1974).

The informant's privilege is limited by the defendant's fundamental right to a fair trial. *Rovario*, 353 U.S. at 60-61. The defendant may compel the government to disclose an informant's identity by showing that disclosure would be "relevant and helpful" to his defense. *Id*. The burden is on the defendant to show disclosure is warranted. *United States v. Scafe*, 922 F.2d 928, 933. (10th Cir. 1987). When balancing the public's interest in nondisclosure against the defendant's interest in a fair trial, courts are instructed to weigh "the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Roviaro*, 353 U.S. at 62.

Courts do not require disclosure when "the informant is not a participant in, or a witness to, the crimes charged." *United States v. Moralez*, 908 F.2d 565, 567 (10th Cir. 1990) (citing *Rovario*, 353 U.S. at 60-61). *See also United States v. Holmes*, 311 F. App'x. 156, 162 (10th Cir. 2009) (holding that when the informer was not a participant in the illegal transaction, no disclosure is required). Courts do not require the government to supply information about an informer to a defendant when the informer merely provides the initial introduction. *United States v. Reardon*, 787 F.2d 512, 517 (10th Cir. 1986).

Here, OBN's confidential informant never participated in or witnessed the Defendants' charged crimes. The informant's involvement revolves around two drug buys from a third party – a month before the search. The informant never bought drugs from or claimed to even know Holt or Harrington. He did not introduce either Defendant to law enforcement. Agents determined Defendants' address as a

4

potential supplier based off Leach's GPS tracker data. They then independently built probable cause for a search warrant through a trash pull and Holt's criminal history. Because nothing shows the informant participated in, or witnessed, any of Defendants' charged crimes, the Court should deny Defendants' motion.

## II.     Defendants can only speculate to the value of the confidential informant's potential testimony.

To overcome the government's privilege, the defendant must present more than mere speculation about the possible usefulness of an informant's testimony. *United States v. Halbert*, 668 F.2d 489 (10th Cir.1982); *Gaines v. Hess*, 662 F.2d 1364 (10th Cir.1981).

Here, the Defendants can only speculate about the value of the informant's potential testimony, if any. They do not point to any specific material fact in his testimony that would relate to Defendants' crimes or a potential defense. They simply speculate that because the informant bought drugs from Leach before the informant may know information about Holt. (Dkt. No. 66 at 7-8). No fact indicates personal knowledge of Leach's meth supplier's identity or location. F.R.E. Rule 602. Because the defense can only speculate about the potential usefulness of the informant's testimony, the Court should deny the motion.

## Conclusion

For these reasons, the Court should deny Defendants' Motion to Compel Disclosure of Confidential Informant.

Respectfully submitted,

CLINTON J. JOHNSON
United States Attorney

*/s/ Mike Flesher*
Mike Flesher, OBA Bar No. 34346
Assistant United States Attorneys
110 West Seventh Street, Suite 300
Tulsa, Oklahoma 74119-1029
(918) 382-2700

## Certificate of Service

I hereby certify that on May 16, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrant:

Jason Lollman
*Counsel for Lee Holt*

Todd Tucker
*Counsel for Jennifer Harrington*

*/s/ Mike Flesher*
Mike Flesher
Assistant United States Attorney