IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>v.<br>LEE HOLT,<br>JENNIFER CHARISA HARRINGTON,<br><br>　　　　　Defendants. | Case No. 24-CR-50-JFH |

**OPINION AND ORDER**

Before the Court is an Opposed Motion to Continue Jury Trial ("Motion") filed by Defendant Lee Holt ("Defendant"). Dkt. No. 88. Defendant Jennifer Harrington has properly joined in Defendant Holt's Motion. Dkt. No. 90. The Government has filed a response in opposition to Defendants' Motion. Dkt. No. 107. For the reasons set forth below, the Motion is GRANTED.

The Motion falls under § 3161(h)(7)(A) of the Speedy Trial Act. This section permits a federal district court to exclude any period of delay resulting from a continuance if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). A court must orally or in writing set forth its reasons for granting an ends of justice continuance and make findings that a continuance is in the best interest of the defendant and the public. *Id.* The statute permits a court to consider whether "the failure to grant such a continuance ... would deny counsel for the defendant ... the reasonable time necessary for effective preparation, taking into account the exercise of due diligence." *Id.* at § 3161(h)(7)(B)(iv). The Tenth Circuit has been clear that an ends of justice continuance should not be granted "cavalierly" and it was

intended to be a "rarely used tool." *United States v. Williams*, 511 F.3d 1044, 1048-49 (10th Cir. 2007).

In *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), the Tenth Circuit limited the circumstances in which an ends of justice continuance can be granted and emphasized that this should be a rarely used procedural tool. The parties must provide the district court a sufficient record to determine why the facts stated in a motion for continuance "result[] in the need for additional time." *Id.* at 1271. This requires the parties to provide specific information about the need for a continuance, and the district court may need to hold a hearing before granting an ends of justice continuance. *Id.* at 1272-73. A district court must also give significant weight to the public's interest in a speedy trial, and the public's interest is generally served by strict adherence to the requirements of the Speedy Trial Act. *Id.* at 1273.

Defendant requests additional time for several reasons. Defendant Holt, joined by Defendant Harrington, previously filed a Motion to Suppress [Dkt. No. 67] and a Motion to Compel Disclosure of Confidential Informant [Dkt. No. 66] in this case, which Motions were referred to Magistrate Judge Little. Dkt. No. 70. Magistrate Judge Little expeditiously heard Defendants' Motions; Magistrate Judge Little issued a Report and Recommendation regarding Defendant's Motion to Suppress on May 28, 2024 [Dkt. No. 87] and an Order on Defendant's Motion to Compel on May 31, 2024 [Dkt. No. 100]. Defendant Holt now represents that the Government provided discovery that is relevant to Defendant's Motion to Suppress only after the hearing on the Motion to Suppress was held, and Defendant Holt has moved to supplement his Motion to Suppress. Dkt. No. 91. Defendant Holt's Motion to Supplement has been referred to Magistrate Judge Little for further proceedings. Dkt. No. 102. Defendant Holt further represents that more time is needed in discovery because Magistrate Judge Little has granted Defendant's

Motion to Compel.  Dkt. No. 88; Dkt. No. 100.  The Government has appealed Magistrate Judge Little's Order granting Defendants' Motion to Compel.  Dkt. No. 106.  The outstanding issues regarding Defendants' Motion to Suppress, Defendants' need for further discovery in light of the recently granted Motion to Compel, and the Government's appeal of Magistrate Judge Little's Order regarding Defendants' Motion to Compel justify an extension of the trial date in this matter.  No matter brought to the Court's attention by the Government [Dkt. No. 107] sways the Court from this conclusion.

As an aside, the Court also notes that Defendant Holt stridently protests that he has not been given a sufficient amount of time to object to Magistrate Judge Little's Report and Recommendation regarding his Motion to Suppress and even asserts that Magistrate Judge Little has acted impermissibly in restricting the time for objections.  Dkt. No. 88.  The Court is not convinced by these arguments in the slightest.  Counsel for Defendant Holt was well aware of the status of his Motion to Suppress when, during the pretrial conference in this case on May 24, 2024, he announced without reservation that Mr. Holt would be prepared to proceed to trial on June 10, 2024 as scheduled.  It was inevitable that the period for briefing objections to Magistrate Judge Little's Report and Recommendation would be shortened to accommodate the trial setting.  If Defendant Holt had reservations about the shortened briefing period on the Report and Recommendation, that issue could have, and should have, been raised at the pretrial conference. Magistrate Judge Little acted appropriately and well within the bounds of judicial discretion in shortening the time period for objections. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978); *Sabal Trail Transmission, LLC. v. 7.72 Acres in Lee Cnty., Ala.*, No. 3:16-CV-173-WKW, 2016 WL 10789585, at *1 (M.D. Ala. June 6, 2016) (collecting cases).

3

Both Defendant Holt [Dkt. No. 104] and Defendant Harrington [Dkt. No. 105] have executed speedy trial waivers, asking the Court to exclude any period of delay for an ends of justice continuance. This is the second request for continuance of the trial date in this matter.

In addition to considering Defendant's interests, the Court has considered the public's interest in the speedy resolution of criminal cases and finds that a limited ends of justice continuance will not subvert the public's interest in the prompt prosecution of criminal matters.

IT IS THEREFORE ORDERED that the Opposed Motion to Continue Jury Trial filed at Dkt. No. 88 is GRANTED.  The jury trial set for June 10, 2024 at 8:45 a.m. is stricken.  The following amended scheduling order is hereby entered:

| | | |
|---|---|---|
| Pretrial conference: | 7/25/2024 | at 9:30 am |
| Voir dire, jury instructions, stipulations, & trial briefs filed: | 8/9/2024 | |
| Witness and exhibit lists exchanged between counsel and emailed to courtroom deputy (do not file): | 8/15/2024 | by 4:00 pm |
| Three hard-copy exhibit binders delivered to Court: | 8/15/2024 | by 4:00 pm |
| Jury trial: | 8/19/2024 | at 8:45 am |

Due to the Court's multi-district caseload, this schedule is relatively inflexible.

Pursuant to LCrR 12.1(E), any response shall be filed within seven days of any motion's filing. Replies are not permitted without leave of Court.  If leave is granted, replies shall be limited to five pages.

Only one omnibus motion in limine per party and one motion to suppress per defendant is permitted without leave of Court.

The Court shall summarily deny without prejudice any motion that does not comply with LCrR 12.1(B), which requires a motion state on the first page whether or not opposing counsel objects to the motion.

The parties should meet and confer in good faith to discuss any stipulations that would streamline the issues at trial.  Any stipulations agreed to should be submitted by the date listed.

If the parties anticipate a lengthy pretrial/motion hearing, they are directed to promptly contact the Courtroom Deputy and the hearing will be reset.

If the parties anticipate a plea of guilty, they are directed to promptly contact the Courtroom Deputy and a change of plea hearing (separate from the pretrial docket call) will be set. The parties must provide a petition to enter plea of guilty and any plea agreement (if applicable) to the Court and file any superseding information (if applicable) at least three business days prior to the change of plea hearing.

The parties are encouraged to review the Court's Criminal Guidelines.

IT IS FURTHER ORDERED that the time from June 10, 2024, inclusive, to August 19, 2024, inclusive, is excludable pursuant to 18 U.S.C. § 3161(h)(7).

Dated this 4th day of June 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE