**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| **Plaintiff,** | |
| **v.** | **Case No. 24-CR-0050-JFH** |
| **LEE HOLT,** **JENNIFER CHARISA HARRINGTON,** | |
| **Defendants.** | |

## OPINION AND ORDER

Before the Court is the Government's Appeal of Magistrate's Order to Disclose Confidential Informant [Dkt. No. 106], which asks this Court to overturn Magistrate Judge Little's Order requiring the Government to disclose the identify of a confidential informant to the Defendants in this case. The Government has failed to demonstrate that Magistrate Judge Little's Order is contrary to law or clearly erroneous; as such, the Government's Appeal is denied.

## BACKGROUND

On February 20, 2024, Defendants were charged by indictment with being felons in possession of a firearm, possession of methamphetamine with intent to distribute, maintaining a drug-involved premises, and possession of a firearm in furtherance of drug trafficking crimes. Dkt. No. 47. On May 9, 2024, Defendant Lee Holt, joined by Defendant Jennifer Charisa Harrington, filed a Motion to Compel Disclosure of Confidential Informant [Dkt. No. 66] as well as a Motion to Suppress [Dkt. No. 67] which sought to exclude the fruits of a search warrant executed upon Defendants' home. Both Motions were referred to Magistrate Judge Christine D. Little. Dkt. No. 70. On May 21, 2024, a hearing was held on Defendants' pending Motions; subsequent to this hearing, Magistrate Judge Little granted Defendants' Motion to Compel by Order on May 31,

2024.  Dkt. No. 100.  The Government has appealed Magistrate Judge Little's Order granting Defendants' Motion to Compel.  Dkt. No. 106.  At issue is the role played by the confidential informant in the Government's investigation of the charged conduct and whether discovery regarding the confidential informant would be relevant or helpful to the defense.

## I.      <u>Standard of Review.</u>

The Court's review of this non-dispositive matter is governed by Fed. R. Crim. P. 59(a), which provides that "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous."  Fed. R. Crim. P. 59 is derived, at least in part, from Fed. R. Civ. P. 72, and, as such, it is appropriate to take guidance from precedent construing Fed. R. Civ. P. 72.  *See United States v. Doby*, 928 F.3d 1199, 1206 (10th Cir. 2019).  "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'"  *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co*., 333 U.S. 364, 395 (1948)).  Under the "contrary to law" standard the Court will only set aside a magistrate judge's order "if it applied the wrong legal standard or applied the appropriate legal standard incorrectly."  *Gray v. Acadia Healthcare Co*., No. 19-cv-338, 2020 U.S. Dist. LEXIS 254486, at *5, 2020 WL 9597903, at *2 (E.D. Okla. Oct. 1, 2020) (citing *Yeiser v. DG Retail, LLC*, No. 18-cv-320, 2019 U.S. Dist. LEXIS 129554, at *7-8, 2019 WL 3521903, at *3 (D. Colo. Aug. 1, 2019)).

## II.      <u>Applicable Standards of Law.</u>

In *Roviaro v. United States*, the United States Supreme Court held that the Government's privilege against disclosing the identity of a confidential informant must give way, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and

helpful to the defense of an accused, or is essential to a fair determination of a cause [].” 353 U.S. 53, 60-61 (1957).  The Court went on to write that, “no fixed rule with respect to disclosure is justifiable.” *Id*. at 62.  Instead, the Court must “balanc[e] the public interest in protecting the flow of information against the individual’s right to prepare his defense.  Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer’s testimony, and other relevant factors.” *Id*.

The Tenth Circuit Court of Appeals has expanded upon the *Roviaro* standards.  “[M]ere speculation about the usefulness of an informant's testimony is not sufficient” to justify disclosure of a confidential informant.  *United States v. Scafe*, 822 F.2d 928, 933 (10th Cir. 1987) (citing *United States v. Zamora*, 784 F.2d 1025, 1030 (10th Cir. 1986); *United States v. Halbert*, 668 F.2d 489, 496 (10th Cir. 1982), *cert. denied*, 456 U.S. 934 (1982)).  Further, “[d]isclosure of an informant is not required where the information sought from him would be merely cumulative, or where the informant is not a participant in the transaction in question.”  *Id*. (citing *United States v. Reardon*, 787 F.2d 512, 517 (10th Cir. 1986); *United States v. Perez-Gomez*, 638 F.2d 215, 218 (10th Cir. 1981)).

### III.    The Magistrate Judge’s Order Compelling the Government to Disclose its Confidential Informant was Neither Clearly Erroneous nor Contrary to Law.

Having considered the briefing upon appeal and the transcript of the hearing held before Magistrate Judge Little, the Court holds that the order compelling disclosure of the Government’s confidential informant was neither clearly erroneous nor contrary to law and should not be set aside.

The Government first puts forth several factual arguments, asserting that Magistrate Judge Little has misunderstood or misrepresented the role played by the confidential informant.  Dkt.

No. 106, pp. 4-5.  Viewing the record in its totality, the Court cannot say that Magistrate Judge Little's factual conclusions regarding the role of the confidential informant are clearly erroneous or leave the Court with "the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464.  Given the testimony brought forward in the Motion hearing, it was not clearly erroneous for Magistrate Judge Little to conclude that the identity of the confidential informant would be relevant and helpful to Defendants.

The Government's objections that the Order is contrary to the applicable legal standards are also unfounded.  Dkt. No. 106, pp. 6-11.  The Order identifies and applies the correct standards of law.  Dkt. No. 100, pp. 4-6.  The correct legal standards are applied to the facts on record in a permissible manner.  Dkt. No. 100, pp. 6-8.  Certainly, no part of the Order is "contrary to law," as would be required to set aside the Order.

Ultimately, no part of Magistrate Little's Order is improperly based on speculation, and its conclusions regarding the role played by the confidential informant were permissible and consistent with the record before the Court.  The role played by the confidential informant is material to such a degree that knowledge of the confidential informant will be "useful" to Defendant and disclosure is essential to a fair determination of this case.  *Roviaro*, 353 U.S. at 60-61.  The Government's arguments on appeal are overruled.

## <u>CONCLUSION</u>

IT IS THEREFORE ORDERED that the Government's Appeal of Magistrate's Order to Disclose Confidential Informant [Dkt. No. 106] is DENIED.  The Government shall comply with Magistrate Judge Little's order [Dkt. No. 100] forthwith.

Dated this 28th day of June 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE