IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 24-CR-0050-JFH |
| LEE HOLT, JENNIFER CHARISA HARRINGTON, | |
| Defendants. | |

**OPINION AND ORDER**

Before the Court is the Government's Motion to Reconsider ("Motion") [Dkt. No. 118], in which the Government moves this Court to reconsider its Order [Doc. No. 116] denying the Government's Appeal of Magistrate Judge Little's Order granting Defendants' Motion to Compel [Dkt. No. 66].[1] Because the Court is persuaded that it has misapprehended the Government's position regarding the confidential informant's role in this matter, and to prevent manifest injustice, the Government's Motion is granted.

**BACKGROUND**

On February 20, 2024, Defendants were charged by indictment with being felons in possession of a firearm, possession of methamphetamine with intent to distribute, maintaining a drug-involved premises, and possession of a firearm in furtherance of drug trafficking crimes. Dkt. No. 47. On May 9, 2024, Defendant Lee Holt, joined by Defendant Jennifer Charisa Harrington, filed a Motion to Compel Disclosure of Confidential Informant [Dkt. No. 66].

Defendants' basis for seeking to discover the identity of the confidential informant rested

---

[1] The Motion to Compel [Dkt. No. 66] was filed by Defendant Holt, and then properly joined by Defendant Harrington [Dkt. No. 75]. This Court will hereafter refer to the Motion to Compel as Defendants' Motion.

1

upon the supposition that, for the Government to prove its case against Defendants, the Government would have to resort to evidence and testimony closely involving the confidential informant. Dkt. No. 66 at 7-8. Defendants' motion was referred to Magistrate Judge Christine D. Little. Dkt. No. 70.

On May 21, 2024, a hearing was held on Defendants' Motion to Compel. Oklahoma Bureau of Narcotics ("OBN") Agent Tara Winter testified at the motion hearing. Agent Winter testified that in June of 2023, the OBN utilized a confidential informant to purchase methamphetamine from a drug dealer named Mike Leach. Dkt. No. 111, p. 7. Agents began tracking Leach via a GPS device installed on his vehicle and tracked him for approximately 2 months. *Id*. at 8. At some point during this surveillance period, the confidential informant informed the OBN that Leach was meeting with his supplier of methamphetamine who was "up the hill"; that day, Leach was observed going to a residence in Collinsville. *Id*. at 8-9; 53. In total, Leach visited this address – 117 N. 21st Street in Collinsville – approximately nine times during the period in which he was being surveilled; these visits were typically brief in duration. *Id*. at 9. Agent Winter and another agent next conducted a "trash pull" on the address in question; numerous syringes and a plastic baggie that tested presumptively positive for methamphetamine were found. *Id.* at 10. The agents also discovered mail addressed to Defendants in the trash; the agents investigated the backgrounds of Defendants and discovered that Lee Holt was a member of the Cherokee Nation and had a criminal history associated with drugs. *Id*. at 10-11. With this knowledge in hand, Agent Winter obtained a search warrant for the address in question.

On this record, Magistrate Judge Little concluded that the Government should be ordered to disclose the identity of the confidential informant in this case. Dkt. No. 100. Magistrate Judge Little concluded that information from the confidential informant was the impetus for the

Government's interest in Defendants and that the confidential informant's claim that Defendants supplied Leach with methamphetamine is the only evidence that Defendants ever actually distributed methamphetamine. Dkt. No. 100, p. 6. The Magistrate Judge further noted that the Government has never represented that it would not either introduce the testimony of the confidential informant or introduce the confidential informant's statements through the case agent. *Id*. at 6-7. Thus, the notion that the Government may introduce at trial testimony or evidence regarding the pre-search investigation (and, hence, closely involving the confidential informant) also formed the basis for Magistrate Judge Little's Order compelling disclosure.

The Government appealed Magistrate Judge Little's Order [Dkt. No. 106], and this Court subsequently denied this appeal. Dkt. No. 116. The Court notes that, throughout all of this briefing, the Government inexplicably failed to state that it would not seek to introduce evidence or testimony concerning the confidential informant and the pre-search investigation into Defendants.

The Government now moves this Court to reconsider its Order denying its appeal of Magistrate Judge Little's Order, arguing that, because it does not seek to introduce testimony or evidence regarding the pre-search investigation into Defendants, the identity of the confidential informant is not relevant to this case and would not be helpful to Defendants.

## ANALYSIS

I.   **Applicable legal standards.**

Motions to reconsider in criminal cases are proper and cognizable. *United States v. Randall*, 666 F.3d 1238, 1241 (10th Cir. 2011). Grounds for granting a motion to reconsider include: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of*

*Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Additionally, reconsideration may be appropriate where the court "has misapprehended the facts, a party's position, or the controlling law." *Id*.

The Court's review of Magistrate Judge Little's Order compelling disclosure of the confidential informant is governed by Fed. R. Crim. P. 59(a), which provides that "[t]he district judge must consider timely objections and modify or set aside any part of the order that is contrary to law or clearly erroneous." Fed. R. Crim. P. 59 is derived, at least in part, from Fed. R. Civ. P. 72, and, as such, it is appropriate to take guidance from precedent construing Fed. R. Civ. P. 72. *See United States v. Doby*, 928 F.3d 1199, 1206 (10th Cir. 2019). "The clearly erroneous standard . . . requires that the reviewing court affirm unless it 'on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)). Under the "contrary to law" standard the Court will only set aside a magistrate judge's order "if it applied the wrong legal standard or applied the appropriate legal standard incorrectly." *Gray v. Acadia Healthcare Co.*, No. 19-cv-338, 2020 U.S. Dist. LEXIS 254486, at *5, 2020 WL 9597903, at *2 (E.D. Okla. Oct. 1, 2020) (citing *Yeiser v. DG Retail, LLC*, No. 18-cv-320, 2019 U.S. Dist. LEXIS 129554, at *7-8, 2019 WL 3521903, at *3 (D. Colo. Aug. 1, 2019)).

In *Roviaro v. United States*, the United States Supreme Court held that the Government's privilege against disclosing the identity of a confidential informant must give way, "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause []." 353 U.S. 53, 60-61 (1957). The Court went on to write that, "no fixed rule with respect to disclosure is justifiable." *Id*. at 62. Instead, the Court must "balanc[e] the public interest in protecting the flow

of information against the individual's right to prepare his defense. Whether a proper balance renders nondisclosure erroneous must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id*.

## II. There are appropriate grounds for reconsidering this Court's prior Order.

Defendants' Motion to Compel [Dkt. No. 66], Magistrate Judge Little's Order [Dkt. No. 100] compelling disclosure, and this Court's prior Order [Dkt. No. 116] all relied upon the importance of the confidential informant to the Government's investigation into the Defendants as a basis for finding that disclosure would be relevant and helpful to the defense. Prior briefing and Orders had presumed that the Government would seek to introduce at trial evidence regarding the pre-search investigation into Defendants. Defendants' Motion to Compel argues that the Government may seek to introduce evidence of its prior investigation to prove that Defendants maintained a drug-involved premises. Dkt. No. 66 at 7-8. Magistrate Judge Little's Order is similarly founded upon the importance to the Government's case of the confidential informant and the Government's pre-search investigation into Defendants. Dkt. No. 100 at 6-8. This Court's prior Order [Dkt. No. 116] denying the Government's appeal was founded upon a similar basis.

The Government now represents as follows regarding its case and its anticipated trial evidence:

> The government wishes to clarify that it will not call Michael Leach or the confidential informant to testify at trial. Additionally, the government is not seeking to introduce at trial any evidence involving OBN's investigation before the dates alleged in the superseding indictment, including the GPS data, any part of OBN's pre-search investigation before August 21, 2023, comments Michael Leach made to the confidential informant, the confidential informant's identification of Leach's car, and allegations that methamphetamine the confidential informant purchased from Leach came from Holt and Harrington's home.

5

Dkt. No. 118 at 4.[2]

The Government could have clarified this prior to filing this Motion to Reconsider. In fact, one would have expected that this would have been the *very first thing* the Government would have put on the record in front of Magistrate Judge Little. Instead, the Government's briefing has thus far wholly failed to assert this most crucial point. The Government has instead only compounded the confusion – for example, the Government's Trial Brief lists the Leach GPS data as its first exhibit, and the first sentence of its "Factual Statement" references the confidential informant. Dkt. No. 93.

The result has been an immense waste of time and energy over what should have been a relatively simple issue. Were it not for the serious potential consequences at stake – disclosure of the confidential informant could very well put his or her personal safety at risk – this Court might be inclined to deny the Government relief based upon its continued failure to correct the record. Nevertheless, this Court is persuaded that, given the Government's representations, the basis for this Court's previous Order [Dkt. No. 116] denying the Government's appeal was founded upon a misapprehension of the Government's position regarding the role of both the pre-search investigation and the confidential informant in the Government's presentation of its case. An individual's potential safety is at risk, and this Court finds that reconsideration is warranted to prevent manifest injustice that would result from the unnecessary disclosure of the confidential informant. Lastly, the Court will hold the Government to its representations: no evidence of the pre-search investigation into Defendants before August 21, 2023, Michael Leach, or the confidential informant will be admitted at trial.

---

[2] The Court would note that it is by no means certain that the Court would even allow such evidence at trial, even if the Government did seek to introduce it. This evidence has minimal relevance to the issue of Defendants' guilt and would tend to confuse the issues, as has already been evident.

Having held that reconsideration is appropriate, this Court will proceed to review Magistrate Judge Little's Order [Dkt. No. 100] in light of the Government's representations that it does not seek to introduce testimony or evidence regarding the pre-search investigation or the confidential informant.

### III. The Order compelling disclosure should be set aside, as the identity of the confidential informant is neither relevant nor helpful to Defendants.

*Roviaro* dictates that disclosure is justified "[w]here the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause []." 353 U.S. 53, 60-61 (1957). Reviewing the record in this matter, the Court cannot agree that disclosure of the confidential informant's identity in this case would be relevant or helpful to Defendants. Given that no testimony or evidence will be heard concerning the pre-search investigation into Defendants before August 21, 2023, the Court finds that it was both clearly erroneous and contrary to law to find that the identity of the confidential informant would be relevant or helpful to Defendants.

The Defendants have not shown that the confidential informant has knowledge that would be helpful to the defense. Defendants' Motion to Compel argued that it would be helpful to the defense to learn further details regarding the confidential informant's conversations with Michael Leach. But, hypothetically, even if the confidential informant could testify that Michael Leach actually told him that Leach's methamphetamine supplier was a completely different person who had nothing to do with either Defendant, the Defendants would be in an identical position. Defendants are not charged with having sold methamphetamine to Michael Leach specifically. The issues in this case depend upon the nature of the evidence seized from Defendants' home; there is simply nothing that the informant could say that would affect this evidence in any way.

Once it is understood that the Government will not introduce testimony or evidence concerning Michael Leach, the confidential informant, or the pre-search investigation into Defendants, any marginal relevance that the confidential informant may have had in this case falls away. The Court believes that it was a misapplication of the *Roviaro* standards, and hence contrary to law, to determine that the confidential informant's identity would be relevant and helpful to Defendants. The Order compelling disclosure [Dkt. No. 100] should be set aside accordingly.

Disclosure of the confidential informant would be contrary to later Tenth Circuit precedent interpreting *Roviaro*. The Tenth Circuit has unequivocally held that "mere speculation about the usefulness of an informant's testimony is not sufficient" to justify disclosure of a confidential informant. *United States v. Scafe*, 822 F.2d 928, 933 (10th Cir. 1987) (citing *United States v. Zamora*, 784 F.2d 1025, 1030 (10th Cir. 1986); *United States v. Halbert*, 668 F.2d 489, 496 (10th Cir. 1982), *cert. denied*, 456 U.S. 934 (1982)). Defendants' basis for disclosure depended upon the role played by the confidential informant in the pre-search investigation and, particularly, Defendants' desire to learn more about the conversation between Michael Leach and the confidential informant. However, to presume that the confidential informant would have useful information in this regard *is* speculative and, moreover, nothing regarding this pre-search investigation is actually helpful to the defense: the confidential informant cannot affect the evidence discovered in Defendants' home.

The Tenth Circuit has also held that "[d]isclosure of an informant is not required where the information sought from him would be merely cumulative, or where the informant is not a participant in the transaction in question." *Id*. (citing *United States v. Reardon*, 787 F.2d 512, 517 (10th Cir. 1986); *United States v. Perez-Gomez*, 638 F.2d 215, 218 (10th Cir. 1981)). So long as the Government does not seek to prove that the confidential informant received drugs that

originated from Defendants, the confidential informant was not a "participant in" any alleged transaction with Defendants. This is sufficient of itself to justify denying relief. It was contrary to law Magistrate Judge Little to hold otherwise.

## **CONCLUSION**

The Government has presented sufficient basis for this Court to reconsider its Order [Dkt. No. 116] denying the Government's Appeal [Dkt. No. 106] of Magistrate Judge Little's Order compelling disclosure of the confidential informant in this matter.

IT IS THEREFORE ORDERED that the Government's Motion to Reconsider [Dkt. No. 118] is granted. It is further Ordered that this Court's prior Order [Dkt. No. 116] denying the Government's appeal is vacated. The Government's Appeal [Dkt. No. 106] of Magistrate Judge Little's Order compelling disclosure of the confidential informant is granted. The Order [Dkt. No. 100] compelling disclosure of the confidential informant is set aside, and Defendants' Motion to Compel [Dkt. No. 66] is DENIED.

Dated this 25th day of July 2024.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE