IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>LEE HOLT,<br><br>JENNIFER CHARISA HARRINGTON,<br><br>　　　　Defendants. | Case No. 24-CR-50-JFH |

## OPINION AND ORDER

Before the Court is the Government's Notice of Intent to Offer Evidence Pursuant to Federal Rule of Evidence 404(b). Dkt. No. 59. Defendant's response period has elapsed without response, and this matter is ripe for decision.

## INTRODUCTION

Defendants Lee Holt and Jennifer Harrington have been charged in the superseding indictment with possession of a firearm after former conviction of a felony, possession of methamphetamine with intent to distribute, maintaining a drug-involved premises, and possession of a firearm in furtherance of a drug trafficking crime. Dkt. No. 47.

On May 2, 2024, the Government filed the notice at issue, stating its intent to introduce evidence of Defendant Lee Holt's prior convictions for possession of methamphetamine with intent to distribute, conspiracy to manufacture and distribute methamphetamine, and possession of a firearm after former conviction of a felony. Dkt. No. 59 at 1. The Government also gave notice of its intent to offer evidence of cell phone conversations between the Defendants that allegedly concern drug distribution and evidence of photographs on Defendants' cell phones depicting firearms. Dkt. No. 59 at 11-12.

The evidence of Defendants' messages is relevant and admissible; to the extent that these messages are actually "other crimes or bad acts" evidence, the messages are admissible under Rule 404(b).  The photograph obtained from Lee Holt's phone, which depicted the gun that Holt and Harrington are charged with possessing, is relevant and admissible; again, to the extent that this photograph is actually "other crimes or bad acts" evidence, it is admissible.  This Court finds that evidence of Holt's prior drug crimes are not admissible under Rule 404(b).  Lastly, evidence of Holt's prior conviction for possession of a firearm after former conviction of a felony is admissible under Rule 404(b).

## ANALYSIS

**I.       Applicable legal standards.**

Evidence of other crimes or bad acts is inadmissible to prove a Defendant's "character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1).  However, such evidence may be admissible for other purposes, such as to demonstrate motive, opportunity, preparation, plan, intent, knowledge, absence of mistake, or lack of accident.  Fed. R. Evid. 404(b) (2).  Evidence is admissible under Rule 404(b) so long as the following factors are satisfied:

> (1) the evidence must be offered for a proper purpose; (2) it must be relevant; (3) its probative value must not be substantially outweighed by its potential for unfair prejudice under Rule 403; and (4) the court must give a proper limiting instruction, if it is requested by the defendant.

*United States v. Moran*, 503 F.3d 1135, 1144 (10th Cir. 2007) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)).

Res gestae evidence is a narrow exception to the general proscription on other bad acts evidence.  Evidence of other crimes or bad acts is res gestae of the crime charged when it is "inextricably intertwined with the charged crime such that a witness's testimony would have been

confusing and incomplete without mention of the prior act." *United States v. Piette*, 45 F.4th 1142, 1155 (10th Cir. 2022).

> II. **Defendants' messages and the photograph found on Holt's phone are admissible; the photograph found on Harrington's phone is not admissible.**

The Government seeks to admit photos found on Holt's phone of the firearm which was recovered from Holt's home and which Defendants have been charged with possessing. In the Court's view, the photographs on Holt's phone are neither Rule 404(b) evidence nor res gestae – they are simply evidence of the crime charged. The photographs will be admissible at trial.

The Government also intends to introduce Defendants' text messages between themselves and others, which allegedly concern drug transactions. Dkt. No. 59 at 11. Depending on when these messages occurred, this evidence, like the photographs of the gun, may be neither *res gestae* nor other crimes evidence – they would simply be evidence of the crimes charged in the superseding indictment. To the extent that these messages pertain to alleged drug transactions taking place prior to the charged conduct, such messages would be admissible under Fed. R. Evid. 404(b). These messages would demonstrate Defendants' intent to sell illegal drugs; this would be relevant evidence pertaining to the central factual dispute in this case. The Court sees no undue prejudice in admission of this evidence. The Court will administer a proper limiting instruction if requested – evidence of the Defendants' messages is admissible.

The photograph of a firearm found on Harrington's phone, apparently of an AR-15-style rifle in Holt and Harrington's bedroom from July 2023, is appropriately evaluated as other crimes evidence under Rule 404(b) since Harrington is not charged with possessing this firearm. The Government argues that this photograph "speaks to Harrington's knowledge of firearms and circumstantially shows her knowledge of the methamphetamine present in the home." Dkt. No. 59 at 12.

The photograph may demonstrate Harrington's familiarity with firearms and, hence, may have some marginal relevance to the issue of whether Harrington *knowingly* possessed the firearm at issue rather than by accident or mistake. But this relevance is marginal at best and not likely to be important at trial – it is unlikely that Harrington would argue at trial that she is completely unfamiliar with the concept of firearms. This Court cannot agree that the photograph "circumstantially shows [Harrington's] knowledge of the methamphetamine present at the time." Dkt. No. 59 at 12.

The minor relevance of the photograph is outweighed by the unfair prejudice and confusion that would result from introduction of the photograph into evidence. The photograph may encourage jurors to resolve the fact issues in this case based upon propensity; that is, jurors might presume that because Harrington is the kind of person that would have a photograph of a gun, she probably possessed the firearm at issue. Such a presumption is improper. Moreover, confusion is foreseeable given that Harrington is charged with possessing the firearm located in the home, not the firearm depicted in the photograph. A jury may be confused as to the relevance of the photograph, and whether Harrington may be found guilty if they believe she possessed the firearm depicted in the photograph. Ultimately, the photograph is of negligible relevance to any issue at trial, and any relevance is substantially outweighed by the potential for unfair prejudice and confusion. The photograph found on Harrington's cell phone is not admissible. However, should Harrington offer evidence at trial relating to her general lack of knowledge of firearms or that her possession of the firearm at issue was a mistake, the Court may revisit this decision.

### III. Evidence of Holt's prior drug convictions is not admissible under Fed. R. Evid. 404(b).

The Government also seeks to admit into evidence under Rule 404(b) several prior convictions of Holt, namely: a 2019 conviction possession of methamphetamine with intent to

4

distribute and a 1999 conviction for conspiracy to manufacture and distribute methamphetamine. The Government contends that Holt's previous convictions are admissible under Rule 404(b) to show Holt's intent to distribute drugs in this matter. In support, the Government cites several cases from the Tenth Circuit. *See United States v. Cherry*, 433 F.3d 698 (10th Cir. 2005); *United States v. Henthorn*, 864 F.3d 1241, 1249 (10th Cir. 2017).

The Government relies heavily on the Tenth Circuit's statement in *Cherry* that the Tenth Circuit, "has repeatedly held that evidence of past crimes is admissible to establish specific intent, including intent to distribute in a drug trafficking offense." 433 F.3d at 701. The Government severely overstates the significance of this statement. The Court does not understand the Tenth Circuit as holding that any prior similar conviction is per se admissible; such a rule of law would risk substantively eviscerating Rule 404's general prohibition on propensity evidence. To hold that a years-old conviction is admissible as evidence of the Defendant's intent multiple years after that conviction makes little sense – this would simply be propensity evidence by a different name.

The crucial issue, largely missing from the Government's arguments, is that the relevance of a prior criminal act (particularly when it is being offered to demonstrate a defendant's state of mind) depends in large part upon how close it is in time to the charged conduct. This makes sense. Actions taken by a defendant mere days or a few months prior to the charged conduct might shed some light on the defendant's mental state. But in the Court's view, such evidence may become stale rather quickly, and actions taken by a defendant years prior to the charged conduct have no (or at most *very* little) relevance to the issue of Defendant's state of mind at the time of the charged conduct. At some point, though it cannot be defined precisely, a prior act becomes mere propensity evidence. Well-reasoned Tenth Circuit case law is consistent with these common sense principles. *See United States v. Nolan*, 551 F.2d 266, 271 (10th Cir. 1977); *United States v. Record*, 873 F.2d

5

1363, 1364 (10th Cir. 1989); *United States v. Sturmoski*, 971 F.2d 452, 458-59 (10th Cir. 1992); *United States v. Ramirez*, 69 F.3d 937, 942 (10th Cir. 1995).

Holt's 2019 conviction for possession of methamphetamine with intent to distribute resulted from Tulsa County Case Number CF-2017-3457, which was filed on June 16, 2017. The criminal conduct in the instant matter is alleged to have occurred on or about August 29, 2023. Dkt. No. 47. Assuming the Tulsa County case was filed on the date that the criminal conduct occurred, more than six years elapsed between the conduct resulting in the 2019 conviction and the charged conduct in this case. In this Court's view, this is far too much time for the earlier conduct to have any bearing at all on Defendant Holt's intent or state of mind with respect to the charged conduct.

Assuming without deciding that Holt's 2019 conviction for possession of methamphetamine with intent to distribute has some negligible relevance to Holt's intent in this matter, that relevance would be substantially outweighed by the potential for unfair prejudice. Introduction of a prior conviction "generally carries a risk of unfair prejudice to the defendant" and this risk is particularly heightened where the prior conviction is similar to pending charges against Holt. *Old Chief v. United States*, 519 U.S. 172, 185 (1997). The risk of unfair prejudice here is obvious; upon learning that Holt has previously been convicted of a drug distribution crime, a juror may readily be lured "into a sequence of bad character reasoning." *Id*.

All of the above goes doubly so for Holt's conviction for manufacture of methamphetamine, which occurred *over 25 years ago*. Neither of Holt's prior narcotics-related convictions are admissible under Fed. R. Evid. 404(b).

> **IV.      Defendant Holt's prior conviction for felon in possession of a firearm is admissible.**

Lastly, the Government argues that Holt's prior conviction for possession of a firearm after former conviction of a felony is admissible under Rule 404(b) to demonstrate Holt's knowledge that he was prohibited from possessing a firearm. Dkt. No. 59 at 8.

Holt's prior conviction for possession of a firearm after former conviction of a felony is offered for a permissible purpose under Rule 404(b) – that is, to show that Holt knew that he was a prohibited person, which is a required element of the Government's case. Unlike Holt's prior drug convictions, which the Government contended demonstrated Holt's intent to distribute methamphetamine, the prior firearms possession conviction demonstrates Holt's knowledge that he is a prohibited person irrespective of the time elapsed between the prior conviction and the charged conduct. Moreover, Holt's knowledge that he is a prohibited person is particularly relevant, as Holt has not indicated that he intends to stipulate to the fact that he has a prior felony.

Though the introduction of Holt's prior conviction is likely to cause some amount of prejudice, the relevance of this conviction is clear and outweighs the danger of unfair prejudice to Holt. Lastly, the Court will issue a limiting instruction instructing the jury to only consider the prior conviction for the purposes permitted under Rule 404(b), if Defendant requests such an instruction.

## CONCLUSION

For the reasons set forth above, the proposed evidence set forth in the Government's Notice of Intent to Offer Evidence Pursuant to Federal Rule of Evidence 404(b) [Dkt. No. 59] is deemed admissible in part, and inadmissible in part.

IT IS THEREFORE ORDERED:

- the Government's proposed evidence regarding Defendants' cellphone messages is deemed admissible;

- the Government's proposed evidence regarding the photograph of the recovered firearm on Holt's phone is deemed admissible;

- the Government's proposed evidence regarding Holt's prior conviction for possession of a firearm after former conviction of a felony is deemed admissible;

- the Government's proposed evidence regarding the photograph of an uncharged firearm on Harrington's phone is deemed inadmissible;

- the Government's proposed evidence regarding Holt's prior convictions for possession of methamphetamine with intent to distribute and manufacture of methamphetamine is deemed inadmissible.

Dated this 16th day of August 2024.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE